BLANCHE LANDGRAF, ADMINISTRATRIX, PLAINTIFF-
RESPONDENT, v. NORTH JERSEY STREET RAILWAY
EMPLOYES BENEVOLENT ASSOCIATION, DEFENDANT-
APPELLANT.

Submitted January 25, 1935—Decided June 7, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Kuvin & Grand.*

For the respondent, *Ellenstein & O'Brien* and *Harold J. Cavanaugh.*

PER CURIAM.

This is an appeal from a judgment of the Second District Court of Newark in favor of the plaintiff, Blanche Landgraf, administratrix of the estate of Hiram Paulding, deceased, against the North Jersey Street Railway Employes' Benevolent Association.

Plaintiff's decedent became a member of the defendant association on June 6th, 1902, and remained a member until his death on December 11th, 1930. The by-laws provided for a death benefit as well as sick benefits in case of incapacity. It appears that in 1930 the plaintiff fell in arrears on his dues, and on November 6th of that year paid to defendant dues for six months up to January 1st, 1931.

Article XIV, section 2 of the by-laws provides:

"Any member being in arrears for dues or other indebtedness 30 days after the stated meeting, forfeits all benefits and

claims of the association for the space of three months after payment of same."

Under this section the defendant disclaims liability for the payment of death benefits under the circumstances above outlined, claiming that a member who dies within three months after a thirty-day default has forfeited the death benefit.

The position of the plaintiff-respondent is that this section applies only to sick benefits and not to the death benefit, and that this is evident from a reading of other sections of the by-laws.

It thus becomes necessary to examine all the provisions of the by-laws, keeping in mind the rule that they should be construed strictly against the association and in favor of the representative of one who has paid his dues for twenty-eight years.

Article I, section 3, says:

"In case of death of a member, this Association shall pay to the family the sum of one hundred dollars within thirty days after notification of same to the Financial Secretary, * * *."

It is to be noted that the word "member" was used and not "member in good standing," whereas in section 2 of article I, it is provided:

"In case of sickness or disability of any *member in good standing,* the Association shall pay to such sick or disabled member the sum of * * *."

It would, therefore, appear that there are two classes of benefits, sick and death, and that one was available to members and the other to members in good standing. It would appear that a person in arrears remained a member because section 3 of article XIV provides that after a member is one year in arrears he shall be dropped from membership after due notice by the financial secretary.

We are of the opinion that the section relied upon by the appellant does not apply to the payment of death benefit to the family of a member but only to benefits for a sick member.

The judgment is affirmed, with costs.